**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re FALCON CONSTRUCTION          Chapter 11
COMPANY OF MATAWAN,                Case No. 08-17342 (RTL)
Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

FALCON CONSTRUCTION
COMPANY OF MATAWAN,

       Debtor-Plaintiff.          Adv. Proc. No: 08-1817

    v.

FEDERAL INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE CO.,
FIDELITY AND DEPOSIT CO. OF
MARYLAND, and
TRAVELERS CASUALTY AND
SURETY CO. OF AMERICA,

       Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**
SHEAK & KORZUN, P.C.
Timothy J. Korzun, Esq.
Special Attorneys for Debtor-Plaintiff

PECKAR & ABRAMSON, P.C.
Michael S. Zicherman, Esq.
Attorneys for Defendants

**RAYMOND T. LYONS, U.S.B.J.**

Defendants, Fidelity & Deposit Company of Maryland, Travelers Casualty & Surety Company of America, and Zurich American Insurance Company, and Federal Insurance Company (the "Sureties"), move for a determination of whether its adversary proceeding is a core or non-core proceeding. Because the plaintiff's complaint is solely rooted in state-governed contract law and construction statutes, the court finds that the adversary action is non-core.

## JURISDICTION

This court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings related to a case under Title 11 of the United States Code to the bankruptcy court.

## FACTS

This adversary proceeding arises out of a dispute over a construction project in which the Debtor-Plaintiff, Falcon Construction Co. of Matawan, provided masonry subcontracting work. Falcon alleges that it has not been fully compensated by the construction principal. It brings this action to recover the difference owed from the principal's payment bond sureties and to enjoin the sureties from releasing or discharging the bond.

The New Jersey Schools Development Authority ("NJSDA") contracted with general contractor, Turner Construction Company, on a project for the construction of a new school. In accordance with the New Jersey Public Works Bond Act, Turner obtained a payment bond from the Sureties. On December 7, 2003, Turner subcontracted with Falcon for masonry work on the NJSDA school project.

By December 24, 2007, Falcon's subcontract was terminated by Turner. Falcon alleges that in the time leading up to that date, it supplied labor and materials of "an agreed price and

reasonable value." However, Falcon only received partial payment for the amounts due, despite "repeated demands" from Falcon and "numerous directives and change orders calling for Falcon to perform additional work." Falcon eventually refused to provide any more work until it was given appropriate assurances of payment. In response, Turner terminated Falcon's subcontract. Falcon alleges that it was still owed $656,277.61 at the conclusion of their relationship and now seeks reimbursement from the Sureties.

The Sureties respond with a somewhat different account of the facts. They allege that NJSDA consultants hired to inspect the project identified potential issues in the masonry work. Upon their recommendation, the NJSDA directed that sections of the work be removed to more closely examine its adequacy. This investigation revealed defects in Falcon's work. The NJSDA ordered that remedial corrections be performed, but Falcon disputed the conclusion that its work was defective and refused to provide any additional corrective work. It is also alleged that around this time, Falcon began inadequately staffing the project and by November 23, 2007, had completely demobilized from the project. Turner issued a three-day default notice on November 27, and later terminated Falcon's contract on December 24. Turner hired a completion contractor to remedy the defects and finish the remaining work.

Falcon filed for chapter 11 bankruptcy on April 23, 2008, and subsequently brought this adversary proceeding against the Sureties on July 10, 2008. The Sureties sought withdrawal of the automatic "Standing Order of Reference to the Bankruptcy Court" in District Court on September 10. Finding that the issue was not yet ripe, the District Court denied the motion. It reasoned that 28 U.S.C. § 157(c)(1) gives the bankruptcy court the exclusive domain to make the core/non-core determination. Such a determination is an important factor in the "cause shown" analysis used in deciding whether withdrawal of the reference is appropriate.

Now back in bankruptcy court, the Sureties make the instant motion for a determination that this adversary action is a non-core proceeding.

## DISCUSSION

The jurisdiction of the bankruptcy court is outlined in 28 U.S.C. § 157. "Bankruptcy judges may hear and determine all cases under title 11 and *all core proceedings* arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1) (emphasis added). Subsection (b)(2) continues on to non-exhaustively list sixteen types of "core" bankruptcy proceedings. *See Halper v. Halper*, 164 F.3d 830, 836 (3d. Cir. 1999) ("[S]ection 157(b) does not precisely define 'core' proceedings . . . ."). Absent, however, is any explicit definition or description of "non-core" proceedings.[1]

In addressing this issue, the Third Circuit has reasoned that the illustrative list of core proceedings fall into two categories. They may either 1) invoke "substantive right[s]" provided by the Bankruptcy Code, or 2) are proceedings that could only arise in the context of a bankruptcy case. *Halper*, 164 F.3d at 866 (citing *In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d. Cir.1996); *In re Marcus Hook*, 943 F.2d 261, 267 (3d. Cir. 1991)). These two inquiries form the Third Circuit's "core proceeding test." *Id.* Consequently, the Third Circuit has concluded that "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Halper*, 164 F.3d at 866 n.7 (quoting *Security Farms v. International Brh'd of Teamsters, Chauffers, Warehouseman & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)); *see also In re Gardner*, 913 F.2d 1515, 1518 (10th Cir.1990).

---

[1] The section makes multiple references to "not a core proceeding" and "non-core proceeding" in § 157(b)(3), (b)(4), and (c)(1), without defining the term.

Falcon's complaint seeks redress under four separate theories. Under the first count, it seeks monetary damages for its uncompensated work "pursuant to N.J.S.A. 2A:44-143 *et seq.*" Under the second count, it seeks the damages under a slightly different theory predicated on Turner's duties under its public works performance and payment bond. The third count seeks to enjoin the Sureties from discharging the bond before proper payment is made to Falcon. The fourth count seeks monetary damages upon a theory of Falcon's status as a beneficiary to Turner's contract funds and public works payment bond.

Applying the Third Circuit's core proceeding test, this court finds that none of the claims presented by Falcon invoke any substantive bankruptcy rights nor appear exclusively within bankruptcy cases. The entirety of the complaint is rooted in pre-petition contract law and New Jersey construction law. *See Beard v. Braunstein*, 914 F.2d 434, 443 (3d. Cir. 1990) ("It is clear that to the extent that the claim is for pre-petition contract damages, it is non-core."). In fact, outside the jurisdictional statement, the complaint does not mention nor does it depend upon bankruptcy law. All of Falcon's claims may have been easily heard in New Jersey courts, but not for its bankruptcy filing. This adversary action is quite clearly non-core.

Falcon attempts to convince this court otherwise, arguing that the proceeding concerns property of the estate and will ultimately affect the Debtor's successful reorganization. It cites several of the "core proceeding" examples from 28 U.S.C. § 157(b)(2), including subsections, (A) "matters concerning the administration of the estate," (E) "orders to turn over property of the estate," and (M) "orders approving the use or lease of property, including the use of cash collateral." Superficially, these subsections appear to be so broad as to encompass a wide universe of bankruptcy actions, including Falcon's adversary proceeding. However, the Third Circuit has not overlooked this and has held, "[A] court should avoid characterizing a proceeding

as 'core' if to do so will raise constitutional problems.  The apparent broad reading that can be given to 157(b)(2) should be tempered by the *Marathon* decision. . . .[S]tate law contract claims which do not fall within the specific categories of core proceedings . . . are non-core, even if they arguably fall within the two "catch-all" provisions of section 157(b)(2)(A) . . . or section 157(b)(2)(O). . . .  To hold otherwise would allow the bankruptcy court to enter final judgments that this court has held unconstitutional."  *Beard*, 914 F.2d at 443-44 (quoting *In re Castlerock Properties, Inc.*, 781 F.2d 159, 162 (9th Cir. 1986)) (internal quotes omitted).

Falcon further argues that the Third Circuit and other esteemed bankruptcy courts have heard cases involving "claims on surety bonds for which the debtor is the bonded principle," and that these courts have found the proceedings to be core proceedings.  Disregarding whether Falcon's analysis of its cited cases is accurate, this court declines to Falcon's invitation to follow a rigid, per-se rule based upon the general subject matter of an adversary action.  This court is already bound by the Third Circuit's flexible, two-inquiry core proceeding test as laid out in *Halper v. Halper.*  164 F.3d at 866.

## DISCUSSION

Because this court finds that Falcon's adversary action wholly consists of pre-petition contract and state-law claims, it finds the adversary action to be non-core.

Dated: April 22, 2009              **/S/Raymond T. Lyons**
                                   United States Bankruptcy Judge